**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **PATRICIA D. DOMAN,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **NO.  10-1559** |
| | : | |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

_____ :

**DuBOIS, J.**                                                                      **February 23, 2012**

**M E M O R A N D U M**

## I.    INTRODUCTION

In this action, plaintiff Patricia D. Doman seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "defendant") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  The Court referred the case to United States Magistrate Judge Elizabeth T. Hey.  Magistrate Judge Hey issued a Report and Recommendation ("R & R") on November 16, 2011, recommending that plaintiff's Motion for Summary Judgment be granted in part and denied in part and that the case be remanded to defendant for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Presently before the Court is Defendant's Objection to the Report and Recommendation of the United States Magistrate Judge.  The Court approves and adopts the R & R in full and writes only to explain its decision to overrule defendant's Objection.

-1-

## II.     BACKGROUND

The background of this case is set forth in detail in the R & R and will be recited in this Memorandum only as necessary to address defendant's Objection.

A.     Plaintiff's History

Plaintiff is sixty-two years old.  (See R & R 4.)  She was incarcerated between May 2003 and February 2007.  (Id. at 5.)  In the past, she worked as a bookkeeper and did other clerical work, but she has not worked since her release from prison.  (Id.)  She is five feet, two inches tall, and she weighed 256 pounds at the time of her administrative hearing.  (Id.)

Plaintiff alleges that she is disabled due to "hypertension [and] cardiac problems, diabet[e]s, arthritis, [and a] deteriorated left knee."  (Administrative R. ("Tr.") 147.)  In her application for benefits, plaintiff asserted that those conditions render her unable to work because they cause "short[ness] of breath, dizziness, [and] weakness" and make it very difficult for her to walk.  (Id.)  Judge Hey's R & R recounts plaintiff's history of chest and knee pain in great detail. (R & R 5-10.)

The issues before the Court turn on the deterioration of plaintiff's condition after 2006. Plaintiff has had knee pain for some time; for example, she complained of left knee pain on May 12, 2004, after a fall.  (Tr. 507.)  However, the pain in her left knee increased in 2007, and she began treatment with Dr. Jennifer Taniguchi, an orthopedist, in July of that year.  (Id. at 530, 589-90.)  Plaintiff began to experience pain in her right knee in October 2007.  (Id. at 588.)  Dr. Taniguchi diagnosed her with bilateral knee degenerative joint disease, which was severe in plaintiff's left knee.  (Id.)  Moreover, a June 20, 2008, MRI "showed a medial meniscus tear and degenerative joint disease of the right knee."  (R & R 9.)

-2-

On August 4, 2008, Dr. Taniguchi performed a full replacement of plaintiff's left knee. Following surgery, plaintiff was treated at a rehabilitation center for twelve days and was then "released with home skilled nursing care." (Id.) On August 29, 2008, plaintiff was readmitted to the hospital with a serious wound infection. (Tr. 580.) She was discharged approximately two weeks later "with a wound vac and skilled nursing care." (R & R 9.) Plaintiff was readmitted to the hospital on September 30, 2008, with a wound infection and chest pain and was released the next day. (Tr. 964-66.) On November 24, 2009, plaintiff broke her left ankle in a fall and experienced knee pain thereafter. (Id. at 1059.) In addition to her knee problems, plaintiff complained of shoulder pain in 2008 and 2009.

At her administrative hearing, plaintiff testified that her daughter has to help her get in and out of the bathtub and put on pants because she "can't bend [her] knee." (Tr. 34.) Plaintiff's Motion for Summary Judgment also includes a May 13, 2010, letter from her primary care physician, Dr. Brown, stating that plaintiff developed Reflex Sympathetic Dystrophy, "a complex regional pain syndrome," after her knee replacement. (Pl.'s Mot. Summ. J. Ex. B; R & R 9 n.17.) A July 2009 MRI of plaintiff's lumbar spine "revealed disc bulges at L4-L5 and L5-S1 causing foraminal stenosis," which can cause pain, tingling, and weakness. (R & R 11 & n.23.)

B.      Procedural History

Plaintiff filed for DIB and SSI on June 20, 2006, alleging that she was disabled as of May 15, 2003. Four experts—Dr. Horacio Buschiazzo, Dr. Theodore Waldron, Dr. Paul Taren, and Nancy Hennigan—analyzed plaintiff's alleged disabilities and vocational factors in October 2007. Plaintiff's applications for DIB and SSI were denied on November 26, 2007, and she requested an administrative hearing, which took place on July 1, 2009.

Plaintiff and a vocational expert testified at the administrative hearing.  The ALJ questioned the vocational expert solely as to plaintiff's work history; the vocational expert's testimony comprises less than one page of the transcript.  (See Tr. 39-40.)  On August 20, 2009, the ALJ issued his decision that plaintiff was not disabled and was not entitled to DIB or SSI.  He determined that plaintiff had the residual functional capacity ("RFC") to perform a full range of light work before May 5, 2006, and had the RFC to perform a full range of sedentary work after that date.  The Appeals Council denied plaintiff's request for review on March 19, 2010, and plaintiff filed her Complaint in this Court on April 9, 2010.

      C.      <u>Magistrate Judge Hey's R & R</u>

Magistrate Judge Hey submitted her R & R on November 16, 2011.  She concluded that the ALJ's decision to deny plaintiff's application for DIB and her application for SSI through December 31, 2006, is supported by substantial evidence.  She thus recommends affirming the Commissioner's decision on those issues, and plaintiff did not object to that recommendation. However, Judge Hey concluded that the ALJ's denial of SSI after December 31, 2006, is not supported by substantial evidence.  On that issue, she recommends remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), to which the Commissioner filed an objection.

**III.**    **STANDARD OF REVIEW**

Under the Social Security Act, a claimant is disabled if she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve (12) months."  42 U.S.C. § 423(d)(1)(A); <u>see also</u> 20 C.F.R. § 404.1505.  The Commissioner uses a

five-step analysis to evaluate disability claims.  This requires the Commissioner to consider, in

sequence, whether a claimant: (1) is currently employed; (2) has a severe impairment; (3) has an

impairment that meets or equals the requirements of a listed impairment; (4) can perform past

relevant work; and (5) if not, can perform other work in view of her age, education, and work

experience.  20 C.F.R. § 404.1520; see also Williams v. Sullivan, 970 F.2d 1178, 1180 (3d Cir.

1992).

   The claimant bears the initial burden of proving the existence of a disability.  42 U.S.C.

§ 423(d)(5).  To satisfy this burden, a claimant must establish an inability to return to her former

work.  Once the claimant makes this showing, the burden of proof shifts to the Commissioner to

show that the claimant, given her age, education, and work experience, has the ability to perform

specific jobs that exist in the economy.  Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979).

   Judicial review of the Commissioner's final decision is limited.  This Court reviews the

Commissioner's final decision to determine whether it applies the correct legal standards and is

supported by substantial evidence.  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); Przegon

v. Barnhart, No. 04-5313, 2006 WL 562966, at *2 (E.D. Pa. Mar. 6, 2006).  "Substantial

evidence 'does not mean a large or considerable amount of evidence, but rather such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Hartranft v.

Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565

(1988)).  "Substantial evidence is more than a mere scintilla, but may be less than a

preponderance."  Przegon, 2006 WL 562966, at *2.  "To determine whether a finding is

supported by substantial evidence, [the Court] must review the record as a whole."  Schaudeck v.

Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (citations omitted).

-5-

A district court makes a de novo determination of those portions of a magistrate judge's R & R to which objection is made.  28 U.S.C. § 636(b)(1)(C).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## IV.   DISCUSSION

The Court first briefly discusses the relationship between DIB and SSI.  The Court then addresses defendant's Objection to the R & R.

### A.   The Relationship Between DIB and SSI

SSI benefits are payable to individuals who are disabled and whose income and resources fall below designated levels.  See 42 U.S.C. § 1382(a).  A DIB claimant, on the other hand, must establish that she is disabled and that such disability existed before her insured status expired.[1] 42 U.S.C. § 423(a); Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990).

Plaintiff's insured status expired on December 31, 2006.  Thus, for purposes of plaintiff's DIB claim, the relevant question is whether she was disabled on or before December 31, 2006.  If she was not, she is not entitled to DIB for any period.  In contrast, a claimant can become eligible for SSI on any date that she becomes disabled.  For purposes of plaintiff's SSI claim, then, the ALJ was required to analyze whether plaintiff became disabled at any point before or after December 31, 2006.

Judge Hey concluded that the ALJ's finding that plaintiff was not disabled on or before December 31, 2006, is supported by substantial evidence.  (R & R 17.)  Plaintiff did not object to

[1] 20 C.F.R. § 404.130 sets forth the four ways in which the Social Security Administration can determine that a claimant is "insured for purposes of establishing a period of disability or becoming entitled to disability insurance benefits."

that recommendation, and the Court agrees with it.  Thus, plaintiff is not entitled to DIB or to SSI

benefits accruing on or before December 31, 2006.  Judge Hey concluded, however, that the

ALJ's denial of SSI benefits accruing after December 31, 2006, is not supported by substantial

evidence.  She thus recommends remanding the case to the Commissioner for further

development of the record on this issue.  (Id. at 24.)  Defendant filed a timely Objection to this

recommendation.

      B.      Defendant's Objection

Defendant objects to Judge Hey's conclusion that the ALJ's denial of SSI benefits after

December 31, 2006, is not supported by substantial evidence.  According to Judge Hey, "the

record provides no basis for the ALJ's assessment that [p]laintiff could perform a full range of

sedentary work at the time of her hearing in August 2009."  (R & R 23.)  In 2008, plaintiff

underwent a total left knee replacement and a subsequent infection that resulted in lengthy

hospitalization and home care.  Plaintiff also experienced right knee pain, depression, and spinal

disc bulges in 2008 and 2009.  All of the medical and vocational assessments on which the ALJ

relied, however, pre-date this deterioration in plaintiff's condition.[2]  The ALJ acknowledged the

surgery and ensuing complications but concluded that plaintiff could conduct sedentary work,

including her prior work as a bookkeeper.

Defendant argues that the ALJ recognized the deterioration of plaintiff's condition and

"reduced his RFC finding accordingly."  (Def.'s Objs. Report & Recommendation U.S.

---

[2]Plaintiff's primary care physician, Dr. Nancy Brown, opined on April 14, 2009, that
plaintiff could not work because of her chronic pain and knee problems.  The ALJ rejected this
opinion as unsupported by and inconsistent with other medical evidence.  Judge Hey
recommended affirming this part of the ALJ's opinion, and plaintiff did not object.

Magistrate Judge 2.)  Moreover, according to defendant, "the ALJ possessed adequate information to make his RFC finding that [p]laintiff was capable of sedentary work after May 5, 2006."  (Id.)  Defendant contends that the following pieces of evidence constitute substantial evidence supporting the ALJ's conclusion, although the ALJ's decision did not mention them:

- Plaintiff's knee replacement surgery was conducted "without any difficulties." (Tr. 591, 938, 942).
- A progress note taken two weeks after the surgery stated that plaintiff could bathe, use the bathroom, and dress herself independently.  (Id. at 659-60.)
- A September 30, 2008, X-ray showed no complications.  (Id. at 984.)
- Notes from an October 2, 2008, home-care visit stated that plaintiff "was able to feed herself, prepare light meals, and perform light housekeeping."  (Id. at 839.)
- An October 24, 2008, form filled out by a doctor at plaintiff's residential rehabilitative care facility stated that plaintiff was "oriented" and her progress was "fair."  (Id. at 743.)
- Plaintiff was discharged from home care on November 25, 2008.  (Id. at 704.)
- April 2009 notes taken by Dr. Brown stated that plaintiff's "knee cellulitis was resolved."  (Id. at 995.)

"Part and parcel to the issue of whether the Commissioner's findings of fact are supported by substantial evidence is the question of whether the ALJ sufficiently developed the record upon which such findings were based.  In other words, the findings of the ALJ cannot be said to be supported by substantial evidence where the record upon which those findings are based has not been sufficiently developed."  Facyson v. Barnhart, No. 02-3593, 2003 WL 22436274, at *3 (E.D. Pa. May 30, 2003).  Moreover, when an ALJ makes an RFC determination, the Third Circuit requires him to provide a "clear and satisfactory explication of the basis on which [the determination] rests" so that a reviewing court "may properly exercise its responsibility under 42 U.S.C. § 405(g) to determine if the Secretary's decision is supported by substantial evidence." Fargnoli v. Massanari, 247 F.3d 34, 41 (3d Cir. 2001).

In this case, the record contained insufficient evidence to support the ALJ's conclusion

regarding plaintiff's post-2006 condition, and the ALJ failed to provide a "clear and satisfactory explication" of the basis for his RFC determination for that period.  The ALJ offered little discussion—and no expert medical opinion—to support his conclusion that plaintiff could perform sedentary work after December 31, 2006.

First, the ALJ rejected the only medical report that post-dated plaintiff's surgery, and he did not seek additional medical evidence.  "While the ALJ's decision not to request a consultative physical examination is committed to the ALJ's discretion," Przegon, 2006 WL 562966, at *3, a consultative examination is "normally require[d]" where "[t]here is an indication of a change in [the claimant's] condition that is likely to affect [her] ability to work, but the current severity of [her] impairment is not established," 20 C.F.R. § 404.1519a(b)(5).

Moreover, the ALJ's "explication of the basis" for his RFC determination is lacking.  The evidence the ALJ cited does not support his conclusion.  He recounted pieces of plaintiff's testimony from her administrative hearing, none of which demonstrate that plaintiff could manage sedentary work.  Indeed, this testimony suggested that she had serious limitations.  (See, e.g., Tr. 18 ("The claimant testified that she was let go from her last job because she had too many health problems. . . . She said that she had a knee replacement.  She alleged that after the surgery she had a staph infection. . . . She testified that she must get help from her daughter to get in and out of the tub and to put on her clothes.").)  The ALJ also noted that plaintiff told Dr. Taniguchi on July 24, 2007, that her knee trouble had gotten "better over time and only bothered her now and then."  (Id.)  This statement, however, pre-dated plaintiff's knee replacement and other physical deterioration by more than a year.  As Judge Hey recognized, such a meager explanation is insufficient to support the ALJ's conclusion that plaintiff had the RFC "to lift up

to 10 pounds and stand and/or walk for up to two hours in an eight-hour workday."  (Id.)

Defendant's Objection does not undermine this conclusion.  Indeed, parts of the documents defendant cites contradict the determination that plaintiff could work.  For example, the August 14, 2008, progress notes state that plaintiff could only stand for five minutes and was limited in her ability to retrieve items and move independently, even with a walker.  (Tr. 659-60.)  The October 2, 2008, home-care report states that, inter alia, plaintiff was "homebound" because of "ambulation difficulties," (id. at 832), her surgical wound was "not healing," (id. at 836), and she was "not always physically able to shop, cook, and/or feed [herself]," (id. at 837).  The rehabilitation facility doctor's October 24, 2008, finding that plaintiff was "oriented" is not relevant to the condition of her knees.  Likewise, Dr. Brown's positive comment about plaintiff's knee cellulitis is accompanied by notations that plaintiff "[could not] do [activities of daily living] without pain" and was experiencing "pain in both shoulder[s]."  (Id. at 995.)

The evidence set forth in defendant's Objection thus does not rebut Judge Hey's conclusion that the ALJ's decision lacked sufficient support, nor does other evidence in the record provide substantial evidence to support a finding that plaintiff is not entitled to SSI accruing after December 31, 2006.

## V.     CONCLUSION

For the foregoing reasons, defendant's Objection is overruled and the R & R is approved and adopted.  Plaintiff's Motion for Summary Judgment is granted to the extent it seeks remand to the Commissioner on the issue of plaintiff's entitlement to SSI after December 31, 2006.  Plaintiff's Motion for Summary Judgment is denied in all other respects.  The matter is remanded to the Commissioner for further proceedings consistent with Magistrate Judge Hey's R & R

-10-

dated November 16, 2011, pursuant to the fourth sentence of 42 U.S.C. § 405(g).  An appropriate

Order follows.